[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 21, 2008
THOMAS K. KAHN
CLERK

No. 07-14643
Non-Argument Calendar

_____

D. C. Docket No. 06-00045-CR-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHAN DEVERON BRENNAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 21, 2008)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Nathan Brennan appeals his sentences for conspiracy to defraud and bank

fraud, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1344 (2). Brennan argues

on appeal that (1) he should not have received a sophisticated means enhancement,

(2) the district court erred in concluding that he derived more than an $1,000,000

in gross receipts from the offense, (3) the district court erroneously included an

uncounseled previous conviction in his criminal history calculation, and (4) his

above guidelines-range sentence is unreasonable. For the reasons set forth below,

we affirm.

Brennan's plea agreement included a limited appeal waiver provision. By

means of that provision, Brennan waived the right to appeal his sentence unless he

was sentenced above the guidelines range or the government appealed. We review

an appeal-of-sentence waiver provision de novo. *United States v. Bushert*, 997

F.2d 1343, 1352 (11th Cir. 1993). A sentence appeal waiver contained in a plea

agreement, made knowingly and voluntarily, is enforceable. *Id.* at 1350-51. To

enforce the sentence appeal waiver, the government must demonstrate either that

(1) the district court specifically questioned the defendant about the sentence-

appeal waiver during the change of plea colloquy, or (2) the record clearly shows

that the defendant otherwise understood the full significance of the waiver. *Id.* at

1351.

Brennan does not argue that his appeal waiver was not knowing and

voluntary. Furthermore, the district court clearly discussed the appeal waiver with Brennan during the Rule 11 hearing. Accordingly, Brennan waived his right to appeal all issues, with the exception of an above-guidelines-range sentence or if the government filed an appeal. Thus, we dismiss Brennan's claims on appeal, with the exception of the reasonableness of his sentence.

The Supreme Court has recently clarified that when we review a sentence imposed by a district court for reasonableness, we must do so under an abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). A sentence may be procedurally unreasonable if the district court improperly calculates the guidelines range, treats the guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. *Id.* at 597. To reasonably determine a sentence, a district court must consider the § 3553(a) factors and "make an individualized assessment based on the facts presented." *Id.* "After settling on the appropriate sentence, [the court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* If a district court decides a sentence outside the guidelines range is appropriate, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.*

Accordingly, the district court must "includ[e] an explanation for any deviation from the Guidelines range." *Id.*

In determining whether a sentence is substantively reasonable, we must consider the totality of the circumstances. *Id.* If the sentence is outside the guidelines range, we may consider the extent of the deviation, "but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* We recognize, however, that district courts do not have unfettered discretion in sentencing. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

Upon review of the record and the parties' briefs, we conclude that the district court's upward variance was reasonable. The court considered the advisory guidelines, the statutory factors, and Brennan's arguments for a sentence within or below the guidelines range on the basis of the § 3553(a) factors. The district court explained why it had determined that an above guidelines-range sentence was appropriate in light of the § 3553(a) factors. Specifically, the court noted the need to provide just punishment for the offense and to insure an adequate deterrence for the likelihood of recidivism.

Further, the district court imposed a sentence that was well below the statutory maximum. The statutory maximum penalty for Count 5 was 30 years'

imprisonment.  18 U.S.C. § 1344.  Brennan's total sentence of 180 months' imprisonment is far less than the statutory maximum he could have received. Nothing in the record indicates that the district court abused its discretion when it varied above the guideline range, and Brennan has not established that his sentence is unreasonable in light of the record and the § 3553(a) factors.

Accordingly, we affirm on the reasonableness issue.

**DISMISSED IN PART, AFFIRMED IN PART.**