**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2009

Charles R. Fulbruge III
Clerk

No. 09-60185
Summary Calendar

NATHAN BRENNAN,

Petitioner–Appellant,

v.

BRUCE PEARSON, Warden for the Federal Correctional Institution of Yazoo
City, Mississippi,

Respondent–Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:08-CV-312

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Nathan Brennan, federal prisoner # 577737-019, filed a petition for writ
of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District
Court for the Southern District of Mississippi, claiming that his sentence is
invalid because he was convicted of crimes that were not set forth in his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

indictment. The district court dismissed Brennan's petition for lack of jurisdiction, and Brennan appealed. We affirm.

**I**

Brennan pled guilty to and was convicted of conspiracy to defraud and bank fraud in the United States District Court for the Northern District of Georgia. He was sentenced to serve 180 months. The Eleventh Circuit affirmed his sentence.[1] Brennan is currently an inmate at the Federal Correctional Institute in Yazoo City, Mississippi.

Brennan, appearing pro se, filed a § 2241 habeas petition in the United States District Court for the Southern District of Mississippi. He requested "relief from a void judgment . . . through the immediate dischargement of the Petitioner from federal custody." Brennan claimed that he was convicted of crimes that were not set forth in his indictment, rendering his sentence invalid.

The district court found that it did not have jurisdiction to consider Brennan's § 2241 petition because Brennan's petition challenged "alleged errors that occurred during his federal sentencing by the Northern District of Georgia, which is not properly pursued in a § 2241 petition," but instead should be raised in a § 2255 petition. The court then considered whether the savings clause in § 2255 would permit it to consider the § 2241 petition. The court determined that Brennan did not meet the requirements of the savings clause because he had failed to show that the § 2255 remedy was inadequate or ineffective to test the legality of his detention. The court dismissed Brennan's petition with prejudice as to the jurisdictional issue and without prejudice as to all other issues. Brennan appealed.

---

[1] *United States v. Brennan*, 290 Fed. App'x 286, 288 (11th Cir. 2008).

## II

On appeal, Brennan argues that the district court incorrectly found that it did not have jurisdiction over his § 2241 petition. We conduct a de novo review of a district court's dismissal of a § 2241 petition on the pleadings.[2]

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence.[3] A § 2255 petition must be filed in the sentencing court, and "[r]elief under section 2255 is warranted for errors cognizable on collateral review that occurred 'at or prior to sentencing.'"[4] In contrast, a § 2241 petition "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."[5] "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'"[6] Under the savings clause, a federal prisoner may bring a writ of habeas corpus under § 2241 if the § 2255 remedy is "inadequate or ineffective to test the legality of his detention."[7] The savings clause thus applies to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."[8]

---

[2] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

[3] *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).

[4] *Pack*, 218 F.3d at 451.

[5] *Id.*

[6] *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).

[7] *Id.* (citing 28 U.S.C. § 2255).

[8] *Id.* at 904.

Brennan argues that his § 2241 petition is not a collateral attack on his sentence or a challenge to the imposition of his sentence. Instead, Brennan argues that "the essence of the claim was directed to the Appellee—the custodian and an administrative employee or officer—and the fact that the Appellee 'does not have constitutional authority or license by law to deprive the petitioner of his liberty.'" Therefore, Brennan argues, he may pursue his claim in a § 2241 petition.

The crux of Brennan's claim is that the Northern District of Georgia sentenced him based on offenses that were not included in his indictment and that this renders his judgment void and entitles him to release from custody. Thus, Brennan's claim is based on errors that occurred "at or prior to sentencing," and is not an "attack[ on] the manner in which [his] sentence is carried out or the prison authorities' determination of its duration."[9] Accordingly, the district court correctly concluded that Brennan's claims were not properly pursued in a § 2241 petition.

Furthermore, Brennan has not met the requirements of the § 2255 savings clause. Brennan bears the burden of demonstrating that the § 2255 savings clause applies because "the section 2255 remedy is inadequate or ineffective."[10] On appeal, Brennan presents no arguments that the § 2255 remedy is inadequate or ineffective. Therefore, Brennan's § 2241 petition does not fall within the savings clause of § 2255, and the district court properly dismissed Brennan's § 2241 petition.

\* \* \*

Therefore, for the reasons discussed above, we AFFIRM the district court's judgment.

---

[9] *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

[10] *Id.* at 452.