**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 2, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NATHAN DEVERON BRENNAN,

    Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent - Appellee.

No. 15-3325
(D.C. No. 5:15-CV-03254-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Nathan Brennan, proceeding pro se,[1] appeals from the denial of his application

for habeas relief under 28 U.S.C. § 2241.  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.[2]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although we liberally construe pro se filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), we may not "assume the role of advocate," *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotations omitted); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and we do not "fashion . . . arguments for [pro se litigants]," *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

## I. BACKGROUND

In 2007, Mr. Brennan was convicted of conspiracy to defraud, 18 U.S.C. § 371, and bank fraud, 18 U.S.C. § 1344(2), in the Northern District of Georgia. He was sentenced to 180 months in prison. The Eleventh Circuit Court of Appeals affirmed his sentence on direct appeal. *See United States v. Brennan*, 290 F. App'x 286, 287 (11th Cir. 2008) (unpublished).

In 2015, Mr. Brennan, in federal custody in Leavenworth, Kansas, filed an application for habeas relief in the District of Kansas under 28 U.S.C. § 2241. He argued his 2007 sentence violated the Due Process Clause because it was based partly on a 1996 state conviction in Georgia, which was itself obtained, he claimed, in violation of his Sixth Amendment right to counsel. The district court dismissed his application for lack of jurisdiction, concluding Mr. Brennan failed to show a remedy under 28 U.S.C. § 2255 would have been inadequate or ineffective.

## II. ANALYSIS

"We review the district court's dismissal of a § 2241 habeas petition de novo." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (quotations omitted).

A § 2255 motion is "generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention, and must be filed in the district that imposed the sentence." *Id.* (quotations and brackets omitted). Congress has created one exception under the savings clause of § 2255(e): "a federal prisoner may resort

---

[2] A federal prisoner is not required to obtain a certificate of appealability to seek review of a district court's denial of a habeas application under § 2241. *Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015).

to § 2241 to contest his conviction if but only if the § 2255 remedial mechanism is 'inadequate or ineffective to test the legality of his detention.'" *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) (quoting 28 U.S.C. § 2255(e)).  The applicant bears the burden of showing he satisfies § 2255(e)'s savings clause.  *Abernathy v. Wandes*, 713 F.3d 538, 549 (10th Cir. 2013).  To determine whether the § 2255 remedy was inadequate or ineffective, we ask "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion.  If the answer is yes, then the petitioner may not resort to the savings clause and § 2241."  *Prost*, 636 F.3d at 584.

Mr. Brennan's argument could have been tested during his federal sentencing and then under § 2255.  "If an enhanced federal sentence will be based in part on a prior conviction obtained in violation of the right to counsel [under *Gideon v. Wainwright*, 372 U.S. 335 (1963)], the defendant may challenge the validity of his prior conviction during his federal sentencing proceedings."  *Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (citing *Custis v. United States*, 511 U.S. 485, 496 (1994)).  A defendant may also challenge "a prior conviction as the product of a *Gideon* violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding."  *Id.* at 382.

Because Mr. Brennan could have attacked his Georgia conviction in a § 2255 motion, he has failed to show § 2255 was "inadequate or ineffective to test the legality of his detention."  § 2255(e).  The district court accordingly lacked jurisdiction to review his application under § 2241.  *See Abernathy*, 713 F.3d at 557

- 3 -

("[W]hen a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims.") (citing cases).

### III. **CONCLUSION**

For the foregoing reasons, we affirm the district court's dismissal of Mr. Brennan's § 2241 application. We deny his motion for leave to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT,

Scott M. Matheson, Jr.
Circuit Judge