FILED
United States Court of Appeals
Tenth Circuit

May 23, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CLINTON T. ELDRIDGE,

Petitioner - Appellant,

v.

D. BERKEBILE, Warden,

Respondent - Appellee.

No. 13-1036
(D.C. No. 1:12-CV-02820-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, and **ANDERSON** and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Petitioner and defendant, Clinton T. Eldridge, a federal prisoner proceeding *pro se*, appeals the dismissal of his 28 U.S.C. § 2241 petition for failure to exhaust his administrative remedies. We affirm.

**BACKGROUND**

Mr. Eldridge pled guilty in 1984 to nine counts of an indictment charging him with armed rape, sodomy, armed robbery, first- and second-degree burglaries, and related assault and destruction of property charges. See Eldridge v. United States, 618 A.2d 690, 693 (D.C. 1992). On July 19, 1984, Mr. Eldridge was sentenced to consecutive prison terms, which, when aggregated, amounted to 40 to 120 years. Id. at 694. Following an appeal, one of Mr. Eldridge's nine counts of conviction was vacated. On appeal, the District of Columbia Court of Appeals specifically instructed the trial court that, in conducting the resentencing, it "may decide, at its discretion, whether to vacate [Mr. Eldridge's] sentence entirely, and to resentence [him] on the remaining eight counts, so as to realize the intent of its original sentencing plan." Eldridge, 618 A.2d at 698-99. Mr. Eldridge accordingly received the same 40- to 120-year sentence when he was resentenced in 1993.

Mr. Eldridge filed this application on November 15, 2012.[1] He raises one issue: whether the district court erred in allegedly failing to credit towards the service of his sentence the time he served between 1984, when he was originally sentenced for his crimes, and 1993, when he was resentenced.[2]

On November 16, 2012, Magistrate Judge Boyd N. Boland entered an order directing the Warden to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if the Warden intended to raise that defense. On December 7, 2012, the Warden filed a preliminary response, in which he argued that this action should be dismissed for failure to exhaust administrative remedies.

The district court dismissed the action, finding that exhaustion of all administrative remedies is a prerequisite to bringing a habeas action, and that Mr. Eldridge had failed to exhaust the administrative remedy process put in place and available to Mr. Eldridge by the Bureau of Prisons ("BOP"). This appeal

---

[1]Mr. Eldridge actually filed an amended application on November 15, 2012. He had filed his initial application on October 24, 2012. On October 26, the district court ordered Mr. Eldridge to re-file his application in order to cure multiple deficiencies.

[2]Mr. Eldridge brought this identical claim in a prior habeas action. In 2005, while he was housed at the United States Penitentiary in Marion, Illinois, he filed an action under 28 U.S.C. § 2241, raising the same claim he asserts in this case. See Eldridge v. Wiley, No. 3:05-cv-73-JPG (S.D. Ill.). Following a recommendation by a magistrate judge, that action was dismissed for failure to exhaust administrative remedies.

followed, in which Mr. Eldridge continues to assert that he has exhausted all required remedies.

**DISCUSSION**

As the district court found, the BOP administrative remedy procedure is available to federal prisoners like Mr. Eldridge. See 28 C.F.R. §§ 542.10 - 542.19. The pertinent regulations allow "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). As the district court further observed, generally speaking, "a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institutional staff as well as regional and national appeals." Order at 2-3 (citing 28 C.F.R. §§ 542.13 - 542.15).

Furthermore, the exhaustion of those administrative remedies is a prerequisite to federal habeas corpus relief under 28 U.S.C. § 2241. Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). That exhaustion requirement is satisfied only through proper use of the available administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 90 (2006).

The record in this case reveals that, during his incarceration, Mr. Eldridge has filed 109 administrative remedy actions or appeals, none of which relate to the claim asserted in this case concerning the computation of his sentence. And

while he pursued one informal contact with a BOP staff member concerning the computation of his sentence, Mr. Eldridge has clearly failed to follow the complete administrative remedy process.

The district court thoroughly and completely described the appropriate BOP administrative procedure Mr. Eldridge must follow before he may file a § 2241 petition, including references to proper regulations. We need not explain that process further.

## CONCLUSION

We therefore agree with the district court that Mr. Eldridge has failed to exhaust administrative remedies, and his action was properly dismissed without prejudice. We also deny his request to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge