**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLINTON T. ELDRIDGE,

Petitioner - Appellant,

v.

D. BERKEBILE, Warden,

Respondent - Appellee.

No. 14-1235
(D.C. No. 1:14-CV-00478-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.[**]

Petitioner–Appellant Clinton D. Eldridge, a federal prisoner proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2241 petition for failure to exhaust administrative remedies. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Background

In 1984, Mr. Eldridge pleaded guilty to nine counts of a thirty-seven count indictment and was sentenced to 40 to 120 years' imprisonment. Eldridge v. United States, 618 A.2d 690, 692 (D.C. 1992). On appeal, the District of Columbia Court of Appeals vacated one of Mr. Eldridge's nine counts of conviction and remanded for resentencing. Id. at 698-99. When he was resentenced in 1993, Mr. Eldridge received the same 40 to 120 year sentence. See Eldridge v. Berkebile, 526 F. App'x 897, 898 (10th Cir. 2013) (unpublished).

On February 24, 2014, Mr. Eldridge filed the instant application for a writ of habeas corpus. R. 5. On the district court's order, Mr. Eldridge filed an amended application on March 27, 2014. R. 196. He raised one issue: that he should be credited with "time served" for the time he served between 1984, when he was originally sentenced, and 1993, when he was resentenced. See R. 199.[1]

After considering the Warden's preliminary response and Mr. Eldridge's reply, the district court dismissed the application. Eldridge v. Berkebile, No. 14-cv-00478-BNB (D. Colo. May 29, 2014); R. 284. It concluded that Mr. Eldridge failed to exhaust the administrative remedy process afforded by the Bureau of

---

[1] This is not the first, nor the second, time Mr. Eldridge has brought this claim in a habeas action. In 2005, he raised this claim in a § 2241 action, which was dismissed for failure to exhaust administrative remedies. See Eldridge, 526 F. App'x at 898 n.2. In 2012, Mr. Eldridge filed another § 2241 application requesting his time served. Id. at 898. We affirmed dismissal of that application for failure to exhaust administrative remedies. Id. at 899.

Prisons (BOP) before seeking federal court intervention. R. 283. Mr. Eldridge appeals that determination.

<u>Discussion</u>

We review the district court's disposition of a habeas corpus petition de novo. <u>Palma-Salazar v. Davis</u>, 677 F.3d 1031, 1035 (10th Cir. 2012). Factual findings are reviewed for clear error. <u>Id.</u>

Exhaustion of available administrative remedies is necessary before a federal court may consider a § 2241 application. <u>See</u> <u>Garza v. Davis</u>, 596 F.3d 1198, 1203 (10th Cir. 2010). Futility is one exception to the exhaustion requirement, though a narrow one and one that the prisoner bears the burden of proving. <u>Id.</u>

The BOP provides a four-step administrative remedy program for federal inmates. <u>See</u> 28 C.F.R. §§ 542.10–.19. First, an inmate must attempt to informally resolve a complaint by filing a BP-8 form. <u>Id.</u> § 542.13; Aplee. Br. 6. Second, if still dissatisfied, an inmate must submit a formal request for administrative remedy by filing a form BP-9. 28 C.F.R. § 542.14. Third, an inmate must appeal the step-two decision by filing a BP-10 with the Regional Director. <u>Id.</u> § 542.15. Finally, an inmate must appeal the Regional Director's response by filing a BP-11 with the General Counsel (Central Office). <u>Id.</u> "Appeal to the General Counsel is the final administrative appeal." <u>Id.</u> An

- 3 -

inmate has not exhausted his administrative remedies until completing each of these steps.  See Garza, 596 F.3d at 1204.

Mr. Eldridge argues that he completed these steps, though the timing is off. On November 25, 2013, he filed an informal resolution form (BP-8).  Aplt. Reply Br. App. A.  He then filed a formal request for administrative remedy (BP-9) on December 10, 2013.  Aplt. Br. Exhib. A; R. 282.[2]  On March 17, 2014, he appealed the denial of his request to the Regional Director (BP-10).  Aplt. Reply Br. 2, App. C; R. 282.  However, his BP-10 appeal came after he initiated this § 2241 action in federal court.  R. 5, 282.  And as the district court found, by the date of that court's dismissal order (May 29, 2014), "Mr. Eldridge ha[d] not filed an appeal with the Central Office" (BP-11).  R. 282.  In his reply brief, Mr. Eldridge informs us that he has filed and received a response to his BP-11, "received on or about June 23, 2014."  Aplt. Reply Br. 2, App. D (response to "Central Office Administrative Remedy Appeal" dated June 13, 2014).

Mr. Eldridge's BP-11 comes after he filed his § 2241 petition and around the time he filed the instant notice of appeal.  R. 286.  Clearly, by initiating this action—in fact, appealing it—before the BOP internal review process was

---

[2]  This request was numbered 761622.  Aplt. Br. Exhib. A; R. 282.  Mr. Eldridge also filed a request for administrative remedy, No. 743889, on July 26, 2013, requesting his time served.  R. 281.  The district court found this request likewise unexhausted.  R. 281-82.  Mr. Eldridge does not raise No. 743889 in his brief, see Aplt. Br. (Appellant's numbering) 4, and any argument that it establishes proper exhaustion is deemed waived, see Becker v. Kroll, 494 F.3d 904, 913 n.6 (10th Cir. 2007).

completed, Mr. Eldridge has not complied with the exhaustion requirement that is intended to afford defendants an opportunity to consider the claim. See Jones v. Bock, 549 U.S. 199, 204 (2007).

In his opening brief, Mr. Eldridge argues that the district court should have excused him from exhaustion because the BOP issued untimely responses to his requests. Aplt. Br. (Appellant's numbering) 4-5, 7-10. He argues that the court did not hold the BOP "accountable to the remedy process," specifically 28 C.F.R. § 542.18. Id. at 4. The BOP does not dispute that its response to Mr. Eldridge's BP-9 fell outside the prescribed 20-day deadline. Aplee. Br. 7; Aplt. Br. Exhib. D. However, the BOP's administrative provisions address untimely responses: "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Once Mr. Eldridge failed to receive a timely response to his BP-9, he could have considered that level denied and filed a BP-10, proceeding next to a BP-11. He did not, proceeding directly to district court. He thus failed to exhaust his available administrative remedies. Mr. Eldridge has not shown that proceeding to the end of the four-step remedy program (which he was apparently able to do after the district court dismissed his application) would be futile.

We AFFIRM the district court's dismissal of Mr. Eldridge's § 2241 petition without prejudice, and DENY him IFP status.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge