**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SOMOAN OLDEN,

      Petitioner - Appellant,

v.

NICOLE ENGLISH, Warden, USP
Leavenworth,

      Respondent - Appellee.

No. 16-3348
(D.C. No. 5:16-CV-03169-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Somoan Olden appeals the district court's denial of his 28 U.S.C. § 2241

application.[1] Exercising jurisdiction under § 1291, we affirm.

_____

[*] After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "A federal prisoner is not required to obtain a certificate of appealability to seek review of a district court's denial of a habeas application under § 2241." _Hale v. Fox_, 829 F.3d 1162, 1165, n.1 (10th Cir. 2016).

# I. BACKGROUND

Mr. Olden is serving a 120-month sentence at the United States Penitentiary in Leavenworth, Kansas ("USPL") for failure to register a firearm in violation of 26 U.S.C. § 5861(d).  His projected release date is May 9, 2022.

On August 1, 2016, Mr. Olden filed a pro se[2] habeas application under 28 U.S.C. § 2241 in the United States District Court for the District of Kansas asserting that his rights had been violated during a prison disciplinary hearing.  The disciplinary hearing was held after the prison's Special Investigation Service ("SIS") alleged that Mr. Olden had attempted to mail a frivolous tax filing from the prison to the Internal Revenue Service ("IRS") to obtain funds from the U.S. Treasury.  The SIS charged him with Use of the Mail for an Illegal Purpose, in violation of Code 196, and Stealing, in violation of Code 219(A).[3]

At the hearing, the Disciplinary Hearing Officer ("DHO") received as evidence photocopies of the contents of an envelope Mr. Olden sent to his sister, Eva.  The envelope included a letter to the IRS, various tax forms, and a letter instructing Eva to mail the forms to the IRS.  The DHO also considered a report showing that Eva was Mr. Olden's sister.  The DHO found Mr. Olden had violated Code 196 because

---

[2] We therefore construe his filings liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

[3] The prohibited acts and sanctions applicable to prisoners in the custody of the Bureau of Prisons ("BOP"), which include the Code provisions cited above, are set out in 28 C.F.R. § 541.3 in Table 1, *Prohibited Acts and Available Sanctions*, and Table 2, *Additional Available Sanctions for Repeated Prohibited Acts Within the Same Severity Level.*

he "personally mailed the documents and because the documents were the type used to defraud the government" but dismissed the Code 219(A) charge. ROA at 152. As a sanction, the DHO reduced Mr. Olden's good-conduct credit by 41 days.

Mr. Olden applied for a § 2241 writ of habeas corpus in district court, arguing the DHO (1) lacked sufficient evidence to find a Code 196 violation, (2) violated his due process rights, (3) failed to comply with the rule promulgation procedures established in the Administrative Procedures Act ("APA"), and (4) violated his right to free speech under the First Amendment. The district court entered an Order to Show Cause as to why Mr. Olden's writ should not be granted.

After USPL filed a response, the district court held Mr. Olden failed to exhaust his administrative remedies, sufficient evidence supported the DHO's decision, and Mr. Olden received constitutionally adequate process. It also held the DHO's decision was not subject to review under the APA, and Mr. Olden "fail[ed] to identify any arguable ground for relief under the First Amendment." ROA at 157. It therefore dismissed Mr. Olden's application.

Mr. Olden appeals, again contending the DHO (1) lacked sufficient evidence to find a Code 196 violation, (2) violated his due process rights, (3) violated the APA, and (4) violated his First Amendment rights. USPL declined to file a response brief.

## II. DISCUSSION

### A. *Legal Background*

A federal prisoner may use a § 2241 application to restore good-time credits lost as a result of a prison disciplinary hearing lacking due process. *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (per curiam).

"When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016) (quotations omitted).

A § 2241 application "attacks the execution of a sentence rather than its validity." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (quotations omitted). In other words, it challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quotations omitted).

Exhaustion of administrative remedies is a prerequisite for a federal habeas corpus application under § 2241. *Garza v. Davis,* 596 F.3d 1198, 1203 (10th Cir. 2010). A prisoner must satisfy the administrative procedures available to him. *Woodford v. Ngo,* 548 U.S. 81, 90 (2006) (holding that exhaustion requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (quotations omitted)).

The Bureau of Prisons ("BOP") regulations require four steps to exhaust. First, a prisoner must attempt informal resolution of a complaint. 28 C.F.R. § 542.13. Second, if that fails, the prisoner may file a formal request for an administrative remedy. *Id*. § 542.14. Third, if the inmate does not obtain a satisfactory resolution, the prisoner may file an appeal to the Regional Director within 20 days. *Id.* § 542.15(a). Fourth, if the appeal to the Regional Director fails, the prisoner may file an appeal to the General Counsel (Central Office) within 30 days. *Id*.; *see Eldridge v. Berkebile*, 576 F. App'x 746, 747 (10th Cir. 2014).

B. *Analysis*

Mr. Olden failed to exhaust his administrative remedies, as he was required to do, before filing his § 2241 application. *See Williams v. O'Brien,* 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). He satisfied the first three requirements but failed to file a timely appeal with the Central Office. He appealed to the Regional Director, who denied and closed the appeal on December 11, 2015. To be timely, the Central Office needed to receive Mr. Olden's appeal by January 11, 2016. *See* 28 C.F.R. § 542.15(a). Mr. Olden filed his appeal with the Central Office on January 29, 2016. He did not provide a valid reason for the delay, nor did he argue exhaustion would be futile.[4] The district court thus did not err in rejecting Mr. Olden's application for failure to exhaust administrative remedies.

---

[4] "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza,* 596 F.3d at 1203.

## III. **CONCLUSION**

For the reasons stated, we affirm the district court's denial of Mr. Olden's § 2241 application.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge