FILED
United States Court of Appeals
Tenth Circuit

**March 15, 2011**

Elisabeth A. Shumaker
Clerk of Court

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID GEORGE BRACE,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA;
CLAUDE CHESTER,

      Respondents-Appellees.

No. 10-3120

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 5:08-CV-03201-RDR)**

---

Submitted on the briefs:

David George Brace, Pro Se Petitioner-Appellant.

Respondents-Appellees did not file a brief in this appeal.

---

Before **BRISCOE,** Chief Judge, **TACHA** and **O'BRIEN**, Circuit Judges.

---

**BRISCOE**, Chief Judge.

---

      David George Brace, a federal prisoner incarcerated in Leavenworth,

Kansas, proceeding pro se, appeals the district court's dismissal of his petition for

a writ of habeas corpus under 28 U.S.C. § 2241.  On appeal, Brace argues that he may pursue relief under 28 U.S.C. § 2241 because 28 U.S.C. § 2255 is an inadequate or ineffective remedy.  Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM the dismissal of his petition.[1]

## I

In 1995, following an undercover investigation, Brace was charged in a four-count indictment with conspiring to launder and laundering purported proceeds of drug trafficking, in violation of 18 U.S.C. § 1956.[2]  He was convicted in the United States District Court for the Western District of Texas on all counts in 1996 and was subsequently sentenced to 175 months' imprisonment.  A panel of the Fifth Circuit initially reversed Brace's convictions, concluding that he was entrapped.  United States v. Knox, 112 F.3d 802, 804 (5th Cir. 1997).  However, upon rehearing en banc, his convictions were affirmed.  United States v. Brace, 145 F.3d 247 (5th Cir. 1998) (en banc).

In 1999, Brace filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel, and the motion

---

[1] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, submitted without oral argument.

[2] While the federal money laundering statute has since been amended, our citations herein are to the version of the statute in effect at the time of Brace's conviction.

2

was denied.  Brace v. United States, No. 99-CV-01248 (W.D. Tex. Aug. 5, 2000).

In 2005, he filed a second § 2255 motion, which was dismissed as an

unauthorized second or successive § 2255 motion.  Brace v. United States, No.

05-CV-00484 (W.D. Tex. June 23, 2005).  He then filed petitions for a writ of

habeas corpus under 28 U.S.C. § 2241, which were also dismissed.  Brace v.

F.C.I. Warden, Texarkana, Tex., No. 05-CV-00184 (E.D. Tex. Oct. 26, 2005);

Brace v. United States, No. 07-CV-03209 (D. Kan. Apr. 16, 2008).

In August 2008, Brace, who was then an inmate in Leavenworth

Penitentiary, filed the instant petition under 28 U.S.C. § 2241 in the United States

District Court for the District of Kansas.  In his petition, he argued that, on June

2, 2008, the Supreme Court held that the federal money laundering statute, 18

U.S.C. § 1956, requires proof that a defendant laundered "profits" rather than

"gross receipts."  See United States v. Santos, 553 U.S. 507 (2008).  According to

Brace, "the Government did not charge, and the Jury did not find, nor did [he]

admit that he laundered profits from the purported drug trafficking."  ROA, Vol. I

at 16 (emphasis in original).

On May 17, 2010, after ordering Brace to show cause why his action should

not be dismissed and then ordering respondents to show cause why the petition

should not be granted, the district court ruled that Brace could not challenge his

money laundering conviction under 28 U.S.C. § 2241 because he had not

established that 28 U.S.C. § 2255 was an inadequate or ineffective remedy.  The

3

district court then dismissed his petition for lack of jurisdiction.

## II

"We review the district court's dismissal of a § 2241 habeas petition de novo." Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010) (internal quotation marks omitted). Because Brace is proceeding pro se, we construe his pleadings liberally. See Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).

A petition brought under 28 U.S.C. § 2241 typically "attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). A § 2255 motion, on the other hand, is generally the exclusive remedy for a federal prisoner seeking to "attack[] the legality of detention, and must be filed in the district that imposed the sentence." Id. (citations omitted).

A federal prisoner may file a § 2241 petition to challenge the legality of his conviction under the limited circumstances provided in the so-called "savings clause" of § 2255. Pursuant to this savings clause, a § 2241 petition may be appropriate if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also Bradshaw, 86 F.3d at 166. However, § 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction. Sines v. Wilner, 609 F.3d 1070, 1073 (10th Cir. 2010). The petitioner bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. Prost v. Anderson, ___ F.3d ___, 2011 WL 590334 at

4

*4 (10th Cir. Feb. 22, 2011); see also Bradshaw, 86 F.3d at 167.

Brace contends that § 2255 is an inadequate or ineffective remedy because he is precluded from asserting his Santos based statutory interpretation argument in a second or successive § 2255 motion. Second or successive § 2255 motions are "restricted . . . to claims involving either newly discovered evidence strongly suggestive of innocence or new rules of constitutional law made retroactive by the Supreme Court." Prost, ___ F.3d ___, 2011 WL 590334 at *2 (citing 28 U.S.C. § 2255(h)). Because his statutory interpretation argument cannot be brought in a second § 2255 motion, Brace argues that § 2255 is an inadequate or ineffective remedy. This argument is foreclosed under Prost, ___ F.3d ___, 2011 WL 590334. In Prost, this court held that the fact that § 2255 bars a defendant from bringing a statutory interpretation argument in a second § 2255 motion does not render § 2255 an ineffective or inadequate remedy. Id. at *1.

Brace contends that he satisfies the "actual innocence" savings clause test described in Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001), rendering the remedy in § 2255 inadequate or ineffective. However, this court explicitly declined to adopt the Reyes-Requena test in Prost. See Prost, ___F.3d ___, 2011 WL 590334 at *12–13[3]. As Brace has not demonstrated that § 2255 is

---

[3] Even if Brace could raise a Santos argument, he would not prevail because Santos does not hold that "proceeds" means "profits" in the context of drug sales. Justice Stevens, the critical fifth vote in Santos, explicitly departed

(continued...)

an inadequate or ineffective remedy, the district court correctly dismissed his §

2241 petition.

We AFFIRM the district court's dismissal of Brace's petition.

_____

[3](...continued)
from the plurality's conclusion that "proceeds" means "profits" in the context of drug sales. See Santos, 553 U.S. at 525–26 (Stevens, J., concurring) ("As Justice ALITO rightly argues, . . . Congress intended the term 'proceeds' to include gross revenues from the sale of contraband and the operation of organized crime syndicates involving such sales."); id. at 526 n.3 ("Thus, I cannot agree with the plurality that the rule of lenity must apply to the definition of 'proceeds' for these types of unlawful activities."). And in the case before us, Brace was charged with and convicted of laundering and conspiring to launder funds that were purportedly "the proceeds of specified unlawful activity, to wit: the importation, sale and distribution of cocaine, a controlled substance . . . ." ROA, Vol. I at 41. Consequently, Brace cannot rely on Santos to argue that he was convicted of a nonexistent crime. See United States v. Spencer, 592 F.3d 866, 879 (8th Cir. 2010) ("Santos does not apply in the drug context."); United States v. Smith, 601 F.3d 530, 544 (6th Cir. 2010) ("As Justice Stevens made clear in his concurring opinion in Santos, the predicate offense of conspiracy to distribute cocaine does not fall within the category of offenses for which 'proceeds' means 'profits.'"); United States v. Demarest, 570 F.3d 1232, 1242 (11th Cir. 2009) (refusing to apply Santos to an offense involving the laundering of funds from drug trafficking).

6