**UNITED STATES COURT OF APPEALS**

**September 5, 2013**

**TENTH CIRCUIT**

---

THARRON DENNIS BROWN,

        Petitioner - Appellant,

    v.

TERESA K. COZZA-RHODES,
Warden, FCI-Florence,

        Respondent - Appellee.

No. 13-1194

(D. Colorado)

(D.C. No. 1:12-CV-01448-REB)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Applicant Tharron Dennis Brown, a federal inmate, appeals the denial by

the United States District Court for the District of Colorado of his application for

relief under 28 U.S.C. § 2241. He pleaded guilty in December 2005 to one count

of bank robbery, *see* 18 U.S.C. § 2113(a), and was sentenced to 120 months'

imprisonment. His current § 2241 application claims (1) that his Fifth and

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Fourteenth Amendment rights were violated when the sentencing court calculated his guidelines range in reliance on a presentence investigation report (PSR) that erroneously assessed criminal-history points for crimes that somebody else had committed; and (2) that his Fifth, Eighth, and Fourteenth Amendment rights have been violated by the government's use of the PSR to deny him certain rehabilitative programs, security designations, vocational opportunities, and good-time credits in prison.

The district court dismissed Claim 1 for lack of jurisdiction, noting that Applicant was challenging "the validity of the sentence imposed in his criminal case as a result of the allegedly erroneous information in the PSR." Order on Application for Writ of Habeas Corpus at 5, *Brown v. Cozza–Rhodes*, No. 12-cv-01448-REB (D. Colo. Apr. 17, 2013) (Order). It ruled that he must challenge the validity of his sentence in a motion under 28 U.S.C. § 2255 rather than an application under § 2241. Applicant has not argued that the § 2255 remedy was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e), and the district court's ruling was correct, s*ee Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) ("A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A § 2255 motion, on the other hand, is generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention, and must be filed in the district that

-2-

imposed the sentence." (citation, brackets, and internal quotation marks omitted)); *id.* at 1170 ("As [the defendant] has not demonstrated that § 2255 is an inadequate or ineffective remedy, the district court correctly dismissed his § 2241 petition.").

Regarding Claim 2, the district court ruled that to the extent that Applicant was challenging the denial of rehabilitative programs, security designations, and vocational opportunities in prison, he was attacking the conditions of his confinement rather than the fact or duration of his confinement. The court correctly noted that such claims are not cognizable grounds for habeas relief. *See Palma–Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action." (citation omitted)). To the extent that Applicant alleged the denial of good-time credits, the court said that "he may state an arguable habeas corpus claim because the denial of good time credits would impact the length of his incarceration." Order at 6. But it dismissed the claim as meritless because Applicant had failed to present any evidence that he had indeed been denied such credits as a result of the allegedly erroneous PSR information. The rejection of Claim 2 is sound.

Finally, Applicant claims for the first time in his opening brief on appeal that he was denied the right to effective assistance of counsel under the Sixth Amendment because his lawyer should have investigated and clarified the allegedly false information in the PSR. Because his § 2241 application did not present this claim to the district court, we decline to consider it. *See United States v. Flood*, 713 F.3d 1281, 1291 (10th Cir. 2013) (declining to consider claim of ineffective assistance of counsel not adequately raised in district court).

We AFFIRM the judgment of the district court and DENY the motion to proceed *in forma pauperis*.

<div style="margin-left: 50%;">

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

</div>