**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL ANITA,

                Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

                Respondent - Appellee.

No. 13-3182
(D. Kansas)
(D.C. No. 5:13-CV-03053-RDR)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Daniel Anita, a federal prisoner incarcerated in Ohio, appeals from an order of the United States District Court for the District of Kansas dismissing his

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

28 U.S.C. § 2241 habeas corpus petition without prejudice for lack of jurisdiction. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the district court's order of dismissal.

Anita's instant § 2241 petition challenges the propriety of the 168-month prison sentence he received upon entry of a guilty plea in 2007. Noting the limited purview of § 2241 petitions,[1] the district court issued an order for Anita to show cause why his petition should not be dismissed because, *inter alia*, the relief sought was not available in a § 2241 proceeding. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (holding a petitioner "bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective," thereby triggering the savings clause set out in § 2255(e)). When Anita failed to respond to the district court's show-cause order, the district court dismissed the petition without prejudice for lack of jurisdiction.

---

[1]As this court has made clear,

> A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A § 2255 motion, on the other hand, is generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention, and must be filed in the district that imposed the sentence.

*Brace v. United States*,634 F.3d 1167, 1169 (10th Cir. 2011) (quotations, citations, and alteration omitted).

In his filings on appeal, Anita does not address whether the relief he seeks is available under § 2241. Instead, he simply argues the merits of the issues set out in his petition. In any event, the record conclusively demonstrates that despite his previous failures to obtain relief under § 2255, the remedy set out in § 2255 is not inadequate or ineffective to test the legality of his detention. *Id.* Accordingly, this court **AFFIRMS** the district court's order of dismissal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge