FILED
United States Court of Appeals
Tenth Circuit

September 3, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARIO ANTON LEE,

      Petitioner - Appellant,

v.

J. OLIVER, Warden,

      Respondent - Appellee.

No. 14-1287
(D.C. No. 1:14-CV-01206-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, McKAY**, and **MATHESON**, Circuit Judges.

## I. **BACKGROUND**

In 2001, a jury in the United States District Court for the Northern District of

Alabama convicted Mario Anton Lee of various drug offenses. He is serving his 105-

year sentence at the Federal Correctional Institution in Florence, Colorado. His direct

appeal and collateral challenge under 28 U.S.C. § 2255 both failed, as have his other

attempts in the Northern District of Alabama and the Eleventh Circuit Court of Appeals

---

      * After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to seek authorization to file a second and successive § 2255 motion and to obtain relief under Federal Rule of Civil Procedure 60(b), 18 U.S.C. § 3742, and Federal Rule of Criminal Procedure 35.

After these unsuccessful efforts, Mr. Lee applied for relief under 28 U.S.C. § 2241 in the District of Colorado, alleging three claims—judicial abuse of discretion,[1] prosecutorial misconduct, and ineffective assistance of counsel—all challenging the validity of his conviction and sentence. The district court dismissed his application because he failed to show the remedy available to him under § 2255 in the Northern District of Alabama, the sentencing court, is inadequate or ineffective. The court also denied his motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). We agree with the district court's disposition and dismiss this appeal. We also deny Mr. Lee's *in forma pauperis* request regarding filing fees.

## II. **DISCUSSION**

"'We review the district court's dismissal of a § 2241 habeas petition de novo.'" *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (quoting *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010)).

Federal prisoners may challenge the legality of their underlying convictions by filing a habeas petition under 28 U.S.C. § 2255. *Brace*, 634 F.3d at 1169. They may challenge the execution of their sentences by filing a petition under 28 U.S.C. § 2241. *Id.* A § 2255 motion must be filed with the sentencing court, *see id.* § 2255(a); Mr. Lee was

---

[1] Mr. Lee's application lists various claims of abuse of discretion regarding the judge who presided at his trial and sentencing and the judge who decided his application for habeas relief under 28 U.S.C. § 2255.

sentenced in the Northern District of Alabama. A § 2241 motion must be filed in the federal district court where the movant is incarcerated, *see id.* § 2241(d); Mr. Lee is imprisoned in Colorado.

Prisoners are usually given only one chance to have a § 2255 petition considered on the merits. *See* 28 U.S.C. § 2244; *Prost v. Anderson*, 636 F.3d 578, 586 (10th Cir. 2011). Second or successive § 2255 petitions, however, are allowed under certain circumstances, including when there is "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . . ." 28 U.S.C. § 2255(h)(1).

Mr. Lee's attempt to vacate his conviction and sentence under § 2241 conflicts with the general rule that such challenges must be brought under § 2255. He may rely on § 2241 only under a narrow exception called the "savings clause," contained in § 2255(e), which would allow him to bring his § 2241 challenge only if a § 2255 "motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In *Prost*, we held the savings clause question "is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." 636 F.3d at 584.

Only in "extremely limited circumstances" will § 2255 be considered inadequate or ineffective. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). Section 2255 is not considered inadequate or ineffective merely because the result of a § 2255 petition is unsuccessful. *Prost*, 636 F.3d at 584-85. Also, "the mere fact [the petitioner] is

- 3 -

precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *Caravalho*, 177 F.3d at 1179. Instead, the opportunity to seek a § 2255 remedy must be deemed "genuinely absent" before a petitioner may properly file a § 2241 petition. *Prost*, 636 F.3d at 588. For example, the savings clause may be met when the original sentencing court has been abolished or dissolved and the petitioner has nowhere to file a § 2255 petition. *Id.* at 588; *see also Caravalho*, 177 F.3d at 1178 (listing cases).

If the petitioner fails to show that the opportunity to seek a remedy under § 2255 is inadequate or ineffective, *Brace*, 634 F.3d at 1169, the district court lacks jurisdiction to consider the petition on the merits. *See id.* at 1170. That is the case here. Mr. Lee has failed to show how any of the issues in his § 2241 petition could not have been tested through a § 2255 motion.

In his brief to this court, Mr. Lee discusses the procedural history of his case and reargues the claims from his § 2241 application to the district court. He also contends his § 2241 application qualifies for consideration under § 2255(e)'s savings clause because it would remedy a "fundamental miscarriage of justice." The Supreme Court has recognized that a "fundamental miscarriage of justice" allows courts to grant federal habeas relief in spite of procedural bars—such as the bar on second and successive § 2255 motions—where a constitutional violation "has probably resulted in the conviction of one who is *actually innocent.*" *Murray v. Carrier,* 477 U.S. 478, 496 (1986); *see Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("[H]abeas courts [have discretion] to see that federal constitutional errors do not result in the incarceration of

- 4 -

innocent persons."). But Mr. Lee has not shown, under *Prost*'s savings clause test, that the claims in his § 2241 application "challenging the legality of his detention could [not] have been tested in an initial § 2255 motion." 636 F.3d at 584.[2]

## III. **CONCLUSION**

We affirm the district court's decision to dismiss Mr. Lee's application for habeas corpus relief under § 2241 for lack of jurisdiction. We deny Mr. Lee's *ifp* request.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

---

[2] Mr. Lee refers on page 4 of his brief to the Suspension Clause, U.S. Const., art. I, § 9, cl. 2: "The privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it." He did not make a Suspension Clause argument in the district court, and does not develop one here. We therefore do not address it. *See Richison v. Ernest Group, Inc.*, 634 F.3d 1123, 1127-28, 1131 (10th Cir. 2011).