FILED
United States Court of Appeals
Tenth Circuit

March 6, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOHNNY HODGE,

    Defendant-Appellant.

No. 14-8080

(D.C. No. 1:09-CR-00345-NDF-1)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.[**]

---

Back in 2010, Defendant Johnny Hodge pled guilty to (1) conspiracy to traffic in cocaine, (2) conspiracy to possess a firearm in furtherance of a drug trafficking offense, (3) being a felon in possession of a firearm, and (4) possessing a firearm in furtherance of a drug trafficking offense, all in violation of the United States Code. The district court sentenced him to 240 months in prison. To make a long story short, Defendant most recently filed in the district court a motion for correction of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

the record pursuant to Fed. R. Crim. P. 36.[1]  Presumably in an attempt to lay the groundwork for an attack on his plea or sentence, Defendant asked the court to correct the record of his sentencing to reflect that he (allegedly) had not been provided the opportunity to review his presentence report (PSR) prior thereto.

The district court denied Defendant's motion.  The court explained that the correction Defendant sought was—

> Not the type of error that can be corrected under Rule 36. . . .  [U]nder Rule 36 a court cannot correct substantive, legal errors resulting in what a defendant might characterize as an illegal sentence. United States v. Blackwell, 81 F.3d 945, 948–49 (10th Cir. 1996) (citations omitted). Hodge is not asking for a correction of a 'clerical' error, but is asking for a substantive change [to the record of his sentencing].

> While Hodge claims otherwise, it appears he is actually seeking a substantive change to his PSR, which would in turn implicate the legality of his sentence.  The exclusive remedy, unless it is inadequate or ineffective, for challenging the legality of a conviction or sentence is a motion under 28 U.S.C. § 2255. Brace v. United States, 634 F.3d 1167, 1169–70 (10th Cir. 2011).  However, given Hodge's assertions in his traverse that he is not seeking any correction to his sentence, the court will not recharacterize [his motion] as a § 2255 motion.  Rather, the court will deny his motion as seeking substantive relief that is not available under Rule 36.

We have nothing to add to the district court's analysis.  Nor, apparently, does Defendant.  On February 17, 2015, we received a letter from Defendant informing us as follows:

---

[1]  Rule 36 provides:  "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

2

I have looked at everything and will have to withdraw my Motion under Rule 36 for Correction of the Record.

Mr. Kubichek [Attorney for the Government] is correct, this is the wrong way to go about this issue, and to correct it. I have to do some more research and find the proper procedure to [do] this.

The next day, the Clerk of Court sent a response to Defendant informing him that if he did not wish us to consider his appeal on the merits, he would have to move to dismiss his appeal. Defendant has not so moved in the time allotted.

Accordingly, the decision of the district court denying Defendant's motion to correct the record pursuant to Fed. R. Crim. P. 36 is—

AFFIRMED.

Entered for the Court


Bobby R. Baldock
United States Circuit Judge