**UNITED STATES COURT OF APPEALS**

August 25, 2015

**TENTH CIRCUIT**

FELIX ALVAREZ,

        Petitioner-Appellant,

v.

CLAUDE MAYE, Warden,

        Respondent-Appellee.

No. 15-3116
(D.C. No.5:14-CV-03106-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.

Felix Alvarez appeals the dismissal of his petition for a writ of habeas

corpus under 28 U.S.C. § 2241. We AFFIRM. Because § 2241 is not the proper

vehicle for his claims, the district court lacked statutory jurisdiction.

## I. Background

In 2000, Alvarez was convicted of multiple drug crimes in the District of

Nebraska. The Eighth Circuit affirmed his conviction but remanded for

resentencing, after which he unsuccessfully moved to vacate his sentence under

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

28 U.S.C. § 2255. He was subsequently transferred to a prison located in the District of Kansas.

Then, in 2011, Alvarez filed a *pro se* habeas petition under § 2241 in the District of Nebraska. The court dismissed the petition, observing that a § 2241 petition must be brought in the district of incarceration. The court further noted it could not consider the petition even if it were construed as a § 2255 petition (which is brought in the district of sentencing) because Alvarez had not sought or received permission from the Eighth Circuit to file a second or successive § 2255 motion.

Again acting *pro se*,[1] Alvarez refiled his § 2241 petition in the District of Kansas in 2014, purporting to take advantage of the "savings clause" of § 2255(e) to attack the validity of his sentence in a § 2241 petition.[2] Although the petition is unclear, it appeared to assert his sentence was invalid under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that facts increasing a mandatory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt. *Id.* at 2155.[3] The court dismissed the petition on the grounds that (1)

---

[1] We construe his *pro se* filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Generally, a sentence's validity cannot be challenged in a § 2241 petition absent the use of this "savings clause." We discuss this point more fully below.

[3] Although he appeared to gesture toward other substantive arguments against the validity of his sentence below, he has waived any such arguments here
(continued...)

§ 2241 is an improper vehicle for his claims because § 2255 provides an adequate remedy, and (2) his *Alleyne*-based claims would in any event fail on the merits because *Alleyne* does not apply to cases on federal collateral habeas review.

## II. Analysis

We review the dismissal of a § 2241 habeas petition de novo. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).

Section 2241 petitions attack "the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Id.* These petitions object to "the *nature* of a prisoner's confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). Conversely, federal prisoners who wish to attack the legality or validity of their sentence or conviction generally are limited to pursuing that goal through a § 2255 petition filed in the district that imposed the sentence. *Brace*, 634 F.3d at 1169 (noting § 2255 petitions are generally "the exclusive remedy" for these prisoners). Thus, a district court usually lacks statutory jurisdiction over a § 2241 petition that professes to attack the legality or validity of the prisoner's detention, *see Abernathy v. Wandes*, 713 F.3d 538, 557–58 (10th Cir. 2013), which Alvarez's § 2241 petition clearly does.[4]

[3](...continued)
by only raising *Alleyne* arguments on appeal. *Petrella v. Brownback*, 787 F.3d 1242, 1266 n.10 (10th Cir. 2015).

[4] Alvarez's explicit reliance on the savings clause in his brief demonstrates
(continued...)

In narrow circumstances, however, § 2255(e)'s "savings clause" allows a federal prisoner to challenge the legality of his detention under § 2241 if he shows the "remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." *Brace*, 634 F.3d at 1169 (alteration in original). But "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Examples of true inadequacy include cases where the original sentencing court has been abolished, the sentencing court refuses to consider the § 2255 motion, or a single sentencing court lacks the ability to "grant complete relief when sentences have been imposed by multiple courts." *Id.*

No obstacles of that type exist here. To the contrary, although Alvarez has already filed one § 2255 petition, the statute expressly provides a mechanism by which prisoners like him can seek permission from the "appropriate court of appeals" to file a second or successive petition in the appropriate district relying on a "new rule of constitutional law" like the one established by *Alleyne*. 28 U.S.C. § 2255(h)(2). As far as we can tell, Alvarez remains free to request that permission from the Eighth Circuit. Indeed, he had not done so when he filed his § 2241 petition in the District of Nebraska in 2011, *see* R., Vol. I at 28, and the record reveals no action on his part between then and the filing of his § 2241

---

[4](...continued)
that he understands this challenge as one that normally cannot be brought under § 2241—*i.e.*, as one that challenges the validity of his confinement.

petition in the District of Kansas.  Whether the Eighth Circuit would grant that request does not affect our decision here.  We only ask whether there is a path pursuant to § 2255 for Alvarez to attempt his desired attack on his sentence's validity.  Because one exists, § 2255 is adequate.  *See Prost*, 636 F.3d at 584 ("[T]he [savings] clause is concerned with process—ensuring the petitioner an *opportunity* to bring his argument—not with substance—guaranteeing nothing about what the *opportunity* promised will ultimately yield in terms of relief.").  Consequently, the district court lacked statutory jurisdiction, and it properly dismissed the petition.[5]  We thus need not address the merits of Alvarez's claims.

## III.  Conclusion

We AFFIRM the dismissal of Alvarez's § 2241 petition.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

---

[5]  Although the court did not explicitly state it was dismissing for lack of jurisdiction, it did conclude Alvarez failed to satisfy the savings clause.  In such cases, it is plain that the district court lacked statutory jurisdiction, and we construe a dismissal on these grounds as resting on that rationale.  *Abernathy*, 713 F.3d at 558.