FILED
United States Court of Appeals
Tenth Circuit

July 7, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARK ALAN LANE,

      Petitioner - Appellant,

v.

CLAUDE MAYE, Warden,

      Respondent - Appellee.

No. 16-3078
(D.C. No. 5:16-CV-03056-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Mark Lane appeals the dismissal of his 28 U.S.C. § 2241 petition. Exercising jurisdiction under § 1291, we affirm.

Lane pled guilty to conspiracy to launder monetary instruments and conspiracy to possess with intent to distribute methamphetamine in the Southern District of Indiana. He is detained at the U.S. Penitentiary in Leavenworth, Kansas. Lane's convictions were affirmed on direct appeal, United States v. Lane, 52 F. App'x 838

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(7th Cir. 2002), and his § 2255 motion was denied, see United States v. Lane, 2005 WL 1421496 (S.D. Ind. June 16, 2005) (unpublished).

Lane then filed a § 2241 petition in the District of Kansas alleging that his sentence is invalid and his judgment of commitment is void. The district court dismissed the petition without prejudice, concluding Lane's challenge should have been brought in the sentencing court under § 2255. Lane filed a motion to reconsider and a Rule 59(e) motion, both of which were denied. Lane timely appealed.

We review de novo the dismissal of a § 2241 petition. Brace v. United States, 634 F.3d 1167, 1169 (10th Cir. 2011). We agree with the district court that Lane's petition attacks the legality of his conviction. Such filings generally must be made as § 2255 motions in the sentencing court. Id.[1] The district court properly determined that it lacked jurisdiction over Lane's petition. See Abernathy v. Wandes, 713 F.3d 538, 557-58 (10th Cir. 2013).

The district court's dismissal for lack of jurisdiction is **AFFIRMED**. Because Lane has not advanced a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," Watkins v. Leyba, 543 F.3d 624, 627 (10th

---

[1] Lane does not advance any substantive argument on appeal regarding § 2255(e)'s savings clause, and has thus waived the issue. See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived."); see also Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) ("[P]ro se parties [must] follow the same rules of procedure that govern other litigants." (quotation omitted)).

Cir. 2008) (quotation omitted), his motion to proceed in forma pauperis is **DENIED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge