**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 20, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GHAZI MANNI,

      Petitioner - Appellant,

v.

NICOLE ENGLISH, Warden, USP-
Leavenworth,

      Respondent - Appellee.

No. 18-3009
(D.C. No. 5:17-CV-03192-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Pro se federal prisoner Ghazi Manni appeals from the district court's order

denying his application for habeas relief under 28 U.S.C. § 2241, in which he alleged

that the Bureau of Prisons ("BOP") had miscalculated his sentence.[1] Exercising

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] An attorney filed Mr. Manni's § 2241 application in district court. On appeal, he has filed a pro se brief, which we liberally construe, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

jurisdiction under 28 U.S.C. § 1291, we affirm.[2]

## I. BACKGROUND

On July 3, 2013, Mr. Manni was found guilty in Case No. 13-CR-20224 ("the first case") of two counts of being a felon in possession of a firearm under 18 U.S.C. § 922(g). On July 9, 2014, he was sentenced on each count to 87 months in prison, to be served concurrently. On December 9, 2014, Mr. Manni pled guilty in Case Nos. 09-CR-20192, 09-CR-20193, and 14-CR-20749 ("the second case") to three criminal charges related to sports bribery and government program fraud. When Mr. Manni entered his plea in this second case, his appeal challenging his 87-month sentence from the first case was pending. Under the plea agreement in the second case, the parties asked the circuit court to vacate the sentence in the first case and remand to district court to sentence on all four charges, which it did.

On June 16, 2015, the district court resentenced Mr. Manni to concurrent 70-month terms on the felon-in-possession convictions in the first case. It also sentenced him in the second case to 60, 60, and 70 months on the other three convictions, to run concurrently—effectively a 70-month sentence. It further instructed that the 70-month concurrent sentence for the three offenses run concurrently with the sentence for the firearms conviction. The court entered judgments in the second case stating that the concurrent sentence in that case would run

---

[2] A federal prisoner is not required to obtain a certificate of appealability to seek review of a district court's denial of a § 2241 habeas application. *Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015).

"concurrent with . . . any discharged term of custody on [the first case]." ROA at 82, 90, 98.

In a letter, the BOP sought clarification from the sentencing court, explaining that under 18 U.S.C. § 3585(a), the sentence in the second case could not commence before the date it was imposed on June 16, 2015, and that Mr. Manni had been serving the first sentence since it was imposed on July 9, 2014. ROA at 107-08. In response, the sentencing court clarified that it had intended the second sentence to run concurrently with the "undischarged" portion of the first sentence. ROA at 109. In other words, the 70-month concurrent sentence from the second case would overlap with the remaining 58 months and 23 days on the 70-month sentence from the first case, and would continue for another 11 months and 7 days. The court also stated that Mr. Manni would be given credit for his time served since July 3, 2013.[3] The result of the foregoing was an aggregate term of 81 months and 7 days starting from July 9, 2014, less credit for time served and good-time credit.

## II. **DISCUSSION**

A prisoner may petition under 28 U.S.C. § 2241 to attack the execution of a sentence rather than its validity. *Brace v. United States*, 634 F.3d 1167, 1169 (10th

---

[3] In addition, the BOP credited six days spent in custody before July 3, 2013 to his prior custody credit for a total of 377 days.

Cir. 2011).[4]  "We review the district court's dismissal of a § 2241 habeas petition de novo."  *Id.* at 1169 (quotation omitted).

On appeal, Mr. Manni challenges the district court's determination that the BOP's calculation was accurate and argues it was error for the BOP to rely on the sentencing court's clarification of the sentence.  He contends that his aggregate sentence for all of his convictions should be 70 months, not 81 months and 7 days.

## A.  *Sentence Calculation*

In his habeas application, Mr. Manni argued that the BOP miscalculated his aggregate concurrent sentences.  The district court disagreed and determined that the BOP properly aggregated his concurrent sentences and credited him for his time served.[5]

In a thorough and methodical Memorandum and Order, the district court presented a detailed history of Mr. Manni's sentence; the applicable statutes, *see* 18 U.S.C. §§ 3584-85, case law, and BOP guidelines; and the calculations themselves. We have carefully reviewed the district court's analysis, Mr. Manni's appellate brief,

---

[4] In his brief, Mr. Manni appears to argue that his sentence violated the plea agreement under which he was sentenced on June 16, 2015.  This argument goes to the validity of the sentence, not its execution, is generally not a proper ground for § 2241 relief, and is more appropriately suited for a motion under 28 U.S.C. § 2255.  *See Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013) (stating a federal prisoner may file a § 2241 application challenging the validity of his sentence only if § 2255 is "inadequate or ineffective to test the legality of his detention").

[5] The BOP aggregated his concurrent sentences under 18 U.S.C. § 3584 and its interpretation of BOP guideline P.S. 5880.28.  It then credited him for his time served under 18 U.S.C. § 3585(b).

4

and the record. We further have independently performed the calculations and, for substantially the same reasons stated by the district court, reach the same result as the BOP and the district court.

## B. *Sentence Clarification*

The sentencing court initially wrote in the judgments for the second case that the concurrent sentence in that case would run concurrently "with any discharged term of custody [in the first case]," ROA at 82, 90, 98. It later clarified that it meant "undischarged." ROA at 109.

Mr. Manni argues that the BOP erred in relying on the judge when he clarified "his intention [was] that the sentence [for the three offenses] run concurrent with each other and concurrent with undischarged portion of the [firearms] sentence." Aplt. Br. at 3. He asserts that the sentencing judge's oral statement of the sentence at the sentencing hearing conflicted with the written judgment imposing the sentence and that the oral statement should control. It follows, he contends, that the 70-month sentence from the second case should coincide with the 70-month sentence from the first case. Although an unambiguous oral sentence controls over a conflicting written judgment, *see United States v. Villano*, 816 F.2d 1448, 1450-51 (10th Cir. 1987) (en banc), Mr. Manni is not entitled to relief on this ground.

First, there was no conflict here between an unambiguous oral sentence and a written judgment. At the sentencing hearing on June 16, 2015, the district court said that the concurrent sentence in the second case would run "concurrent to the sentence that will be imposed in" the first case. Transcript of Sentencing at 31, *United States*

5

*v. Manni*, No. 13-20224, et al. (E.D. Mich. June 16, 2015), Doc. No. 83. It further said that the sentence in the first case would be "concurrent also as to the sentence that was handed down" in the second case. *Id.* at 34. There was no mention of "discharged" or "undischarged" time on the first sentence.[6] It was clear to all that Mr. Manni had already served 11 months and 7 days on the first sentence since it was imposed on July 9, 2014. Although BOP sought clarification from the district court regarding the written judgments in the second case, there was no conflict, much less an unambiguous one, between the judgments and what the court said at the sentencing hearing.

Second, Mr. Manni's interpretation of what the district judge said at sentencing conflicts with federal sentencing law. When the district court said at the sentencing hearing that the sentence in the second case would run concurrently with the sentence in the first case, it did not specify when the sentence in the second case would commence. Under the applicable sentencing statute, 18 U.S.C. § 3585(a), the second sentence must commence on the date of sentencing—June 16, 2015. The court then said in the judgments in the second case that the sentence would run "concurrent . . . with any discharged term of custody" in the first case. ROA at 82, 90, 98. This is what prompted the BOP to ask for clarification, and the district court responded that the second case

---

[6] The transcript from the sentencing hearing on June 16, 2015, was not part of the record transferred to this court, but it is accessible from the district court docket. We may therefore take judicial notice of the sentencing transcript. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); Fed. R. Evid. 201(b)(2).

6

sentence should run concurrently with the undischarged portion of the sentence in the first case. This comports with 18 U.S.C. § 3585(a) and is consistent with the district court's statement of the sentence imposed at the sentencing hearing.

## III.  CONCLUSION

Based on the foregoing, we affirm the district court's judgment upholding the BOP's sentence calculation.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge