FILED
United States Court of Appeals
Tenth Circuit

April 15, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

PETER GEORGE NOE,

    Petitioner - Appellant,

v.

A. CIOLLI, (Warden),

    Respondent - Appellee.

No. 23-1304
(D.C. No. 1:22-CV-01618-LTB-STV)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Peter George Noe is a federal prisoner housed at the USP Florence ADX (ADX) detention facility operated by the Bureau of Prisons (BOP). Proceeding pro se, he filed an application in the United States District Court for the District of Colorado for a writ of habeas corpus under 28 U.S.C. § 2241, which he later amended. He appeals from the district court's order dismissing his amended

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

application for lack of statutory jurisdiction.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

Noe asserted two claims in his amended application under § 2241.  First, he challenged the BOP's implementation of the First Step Act (Act) at ADX.  Second, he recognized that the BOP's system for implementing good-time credits under the Act properly uses a prisoner's criminal history score from their presentence report; however, he maintained that he was wrongly denied good-time credits because his presentence report contains errors that resulted in a criminal history score that was too high.  For relief, Noe requested that he "be resentenced to correct the sentencing errors in his [presentence report] to allow him to earn his full [good-time] credits." R., vol. I at 42.

Because § 2241 applications must be brought in the district where the prisoner is incarcerated, Noe filed his application in federal district court in Colorado.  Later, he filed a motion to transfer claim two to the United States District Court for the District of Minnesota—the court in which he was convicted and sentenced.  Noe maintained that transfer was "in the interest of justice" because claim two "deals with errors" in the presentence report and the "sentencing judge knows of the errors, the case, and has all of the documents and records in the case." R., vol. I at 96.

A magistrate judge recommended that the first claim be dismissed as duplicative because the same claim was pending in a different suit by Noe against USP-ADX.  Further, the magistrate judge recommended that the second claim be

dismissed without prejudice for lack of statutory jurisdiction and denied the motion to transfer.

Noe filed objections to the report and recommendation. While the objections were pending, he filed a motion to voluntarily dismiss the first claim. The district court (1) overruled Noe's objections; (2) dismissed the first claim under Fed. R. Civ. P. 41(a)(1)(A)(i); (3) adopted the magistrate judge's recommendation and dismissed the second claim without prejudice for lack of subject-matter jurisdiction; and (4) denied Noe's motion to proceed without prepayment of fees on appeal.

## II

"We review the district court's dismissal of a § 2241 habeas petition de novo." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (internal quotation marks omitted). Because Noe proceeds pro se, we construe his pleadings liberally. *See id*.

## III

A federal prisoner may pursue habeas relief under two statutes. The first is § 2241. An application under § 2241 "typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Brace*, 634 F.3d at 1169 (internal quotation marks omitted). The second avenue of relief is 28 U.S.C. § 2255. "Congress created § 2255 as a separate remedial vehicle specifically designed for federal prisoners' collateral attacks on their sentences." *Jones v. Hendrix*, 599 U.S. 465, 473 (2023). "A § 2255 motion is

ordinarily the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016).

"But in rare instances," the "savings clause in § 2255(e)" permits a prisoner to attack a conviction through a § 2241 habeas corpus application. *Hale*, 829 F.3d at 1165 (citation and internal quotation marks omitted). The saving clause provides:

> An application for a writ of habeas corpus [pursuant to § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion [pursuant to § 2255] is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added). The applicant "bears the burden of showing he satisfies § 2255(e)." *Hale*, 829 F.3d at 1170.

In *Jones*, the Court explained that the circumstances in which the saving clause applies are narrow and "cover[] unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court" in a § 2255 motion. 599 U.S. at 474 (giving examples such as the dissolution of the sentencing court).

Putting a slightly finer point on the issue, the test for whether a supposed § 2241 falls within the saving clause is "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) (Gorsuch, J.). "If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." *Id*. This rule applies regardless of whether the applicant did or did not actually make a § 2255

4

motion in the sentencing court, whether any such motion was rightly or wrongly decided or is now time-barred, or whether the defendant may be barred from bringing a second or successive § 2255 motion under § 2255(h). *See id*. at 586.

Here, Noe argues that his criminal history score in the presentence report was incorrectly recalculated at sentencing and must be corrected. This argument could have been made in a § 2255 motion, and there is nothing to suggest that it is impossible or impracticable for Noe to seek relief under § 2255 from the sentencing court. Indeed, Noe specifically acknowledged that the "sentencing judge knows of the errors, the case, and has all of the documents and records in the case." R., vol. I at 96. Therefore, we affirm the judgment of the district court dismissing the second claim for relief for lack of subject-matter jurisdiction.

## IV

Noe further argues that the district court erred when it denied his motion to transfer his § 2241 application to the United States District Court for the District of Minnesota. He maintains that "the court could simply transfer the case to Noe's [sentencing] judge who could order briefing as to Noe's . . . criminal history and if there are errors to order the [presentence report] corrected and restore Noe's lost good time." Pet'r Reply Br. at 5. But Noe is incarcerated in Colorado, which means that his § 2241 application had to be filed in the federal district court in Colorado. *See Brace*, 634 F.3d at 1169 (holding that a § 2241 application must be filed in the district where the prisoner is confined). Thus, the court properly denied the motion to transfer.

**V**

We deny Noe's motion to proceed without prepayment of costs or fees because his appeal is legally and factually frivolous. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (requiring both an inability to pay and "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."). Consequently, he must immediately pay the full amount of appellate filing fees and costs.

**VI**

The judgment of the district court is affirmed.

Entered for the Court


Bobby R. Baldock
Circuit Judge