**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUSSELL E. ROBINSON,

Petitioner - Appellant,

v.

PAUL KASTNER, Warden, Federal
Transfer Center,

Respondent - Appellee.

No. 14-6146
(D.C. No. 5:13-CV-01366-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **McHUGH**, Circuit Judges.

After examining appellant's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Russell Robinson, a federal prisoner proceeding pro se, appeals from an

order of the United States District Court for the Western District of Oklahoma

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

dismissing his 28 U.S.C. § 2241 habeas corpus petition for lack of jurisdiction. Exercising jurisdiction pursuant to 28 U.S.C. § 1291,[1] this court **affirms** the district court's order of dismissal.[2]

A federal jury in the District Court of the United States Virgin Islands convicted Robinson of drug trafficking and money laundering offenses. Robinson's convictions were affirmed on direct appeal by the United States Court of Appeals for the Third Circuit. *United States v. Fleming*, 287 F. App'x 150, 155 (3d Cir. 2008). Robinson's subsequent motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 was denied by the District Court of the United States Virgin Islands. That same court likewise denied multiple subsequent motions seeking postconviction relief. Most recently, the Third Circuit denied Robinson's request to file a second or successive § 2255 motion, a request that is in all material respects identical to the arguments advanced by Robinson in this court in support of his asserted entitlement to proceed under § 2241.

---

[1]Because Robinson is a federal prisoner and is appealing the district court's resolution of a § 2241 petition, he need not obtain a certificate of appealability to proceed on appeal. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

[2]The district court referred Robinson's § 2241 petition to a magistrate judge for initial proceedings, pursuant to 28 U.S.C. § 636(b). The district court adopted the magistrate judge's Report and Recommendation in its entirety. Thus, this court treats the magistrate judge's Report and Recommendation as the final dispositional order of the district court.

Applying this court's binding precedent,[3] the district court concluded the claims Robinson sought to advance in his § 2241 petition did not fall within the savings clause set out in 28 U.S.C. § 2255(e) and, accordingly, Robinson was not entitled to proceed in a § 2241 petition. The district court's conclusion in this regard is undeniably correct. Accordingly, we **AFFIRM** the order of the district court dismissing Robinson's § 2241 petition for lack of jurisdiction for substantially those reasons set out in the magistrate judge's Report and Recommendation dated June 18, 2014, and the district court order dated July 2, 2014. Furthermore, because the frivolous arguments advanced by Robinson on appeal demonstrate an absence of good faith, this court **DENIES** his request to proceed on appeal in forma pauperis. Robinson is, therefore, ordered to immediately remit the entire unpaid balance of the appellate filing fee. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[3]*See, e.g.*, *Prost v. Anderson*, 636 F.3d 578, 584-86 (10th Cir. 2011); *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).