**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SKYLER CHIRAS,

     Plaintiff - Appellant,

v.

JILL MARSHALL,

     Defendant - Appellee.

No. 20-1277
(D.C. No. 1:20-CV-00682-LTB-GPG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Skyler Chiras is in state custody at the Colorado Mental Health Institute at Pueblo.

Appearing pro se, he seeks a certificate of appealability ("COA") to challenge the district

court's denial of his application for relief under 28 U.S.C. § 2241. *See* 28 U.S.C.

§ 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (requiring state

prisoners bringing a § 2241 claim to obtain a COA before being heard on the merits of

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the appeal).  Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss this matter.  We also deny his request to proceed *in forma pauperis* ("*ifp*").[1]

## I. **BACKGROUND**

Mr. Chiras pled not guilty by reason of insanity to assault charges.  In his § 2241 application, he alleged violations of his (1) Sixth Amendment right to a speedy trial; (2) Eighth Amendment rights due to denial of requested diet, harassment, theft of property, and other claims; and (3) Fourteenth Amendments rights due to harassment and mail tampering.

The magistrate judge recommended dismissal because his (1) first claim challenged the validity of his conviction and should have been brought under 28 U.S.C. § 2254, and (2) second and third claims concerned his conditions of confinement and should have been brought under 42 U.S.C. § 1983.

The district court, noting that Mr. Chiras had not objected to the magistrate judge's recommendation, dismissed the § 2241 application without prejudice, denied a COA, and denied *ifp* status on appeal.

In response to a show-cause order from this court to address whether he had waived his right to appellate review by failing to object to the magistrate judge's recommendation, Mr. Chiras appeared to say he did not receive the recommendation.

---

[1] We construe Mr. Chiras's pro se filings liberally, but we do not act as his advocate.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

2

## II. **DISCUSSION**

Under this court's "firm waiver rule," failure to timely object to a magistrate judge's findings and recommendations "waives appellate review of both factual and legal questions." *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (quotations omitted). We may grant relief from the rule "in the interests of justice." *Id.* (quotations omitted). We have considered as factors "the force and plausibility of the explanation for his failure to comply and the importance of the issues raised." *Id.* (quotations and alterations omitted).

Even if we accept Mr. Chiras's explanation for his failure to object, he faces another waiver problem: His brief fails to address whether the substantive reasons for denial of his application were valid. As a general rule, a party's failure to address an issue in the opening brief results in that issue being deemed waived, and we will decline to reach the merits of waived issues. *See Wyo. v. Livingston*, 443 F.3d 1211, 1216 (10th Cir. 2006) ("Wyoming did not address this issue in its opening appellate brief. The issue is therefore waived."); *accord LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 n.10 (10th Cir. 2004). This rule applies equally to pro se litigants. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).

Beyond these problems, the magistrate judge and district court correctly determined that Mr. Chiras's speedy trial claim should have been brought under 28 U.S.C. § 2254, and his Eighth and Fourteenth Amendment conditions-of-confinement claims should have been brought under 42 U.S.C. § 1983. A § 2241 application ordinarily attacks the execution of a sentence rather than its validity. *See Brace v. United*

3

*States*, 634 F.3d 1167, 1169 (10th Cir. 2011).  Mr. Chiras needed to file a § 2254 application "to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted).  And "[i]t is well-settled law that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (omissions in original) (quotation omitted).

Before we may exercise jurisdiction over Mr. Chiras's appeal, he must obtain COAs for the issues he wishes to raise.  *See* 28 U.S.C. § 2253(c)(1)(A), (c)(3).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

III.  **CONCLUSION**

For the foregoing reasons, we conclude that Mr. Chiras has not made the showing required for a COA.  We therefore affirm the dismissal of his § 2241 application and deny his request to proceed *ifp.*


Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge