**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**May 7, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JAMES EARL NUNLEY, JR.,

    Petitioner - Appellant,

v.

WARDEN GOLDEY,

    Respondent - Appellee.

No. 23-6164
(D.C. No. 5:23-CV-00640-HE)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **ROSSMAN**, and **FEDERICO**, Circuit Judges.
_____

James Earl Nunley, Jr., appeals the district court's dismissal of his pro se

amended habeas petition filed under 28 U.S.C. § 2241 and the court's denial of his

motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).[1]

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Nunley is not required to obtain a certificate of appealability in this matter. _See McIntosh v. U.S. Parole Comm'n_, 115 F.3d 809, 810 n.1 (10th Cir. 1997) ("[A] certificate of appealability . . . is not required in order to appeal a final order in a proceeding under . . . § 2241.").

I.    **Background**

Nunley pleaded guilty in the United States District Court for the Northern District of Texas to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Nunley*, 771 F. App'x 554, 554 (5th Cir. 2019). The district court sentenced him to 90 months' imprisonment, to run consecutively to certain state-court sentences. *See id.* Nunley's direct appeal was unsuccessful, *see id.* at 555, and the Supreme Court denied review.

While housed at a federal prison in Oklahoma, Nunley filed an amended § 2241 petition in the United States District Court for the Western District of Oklahoma. He asserted that § 922(g)(1), the statute underlying his federal conviction, is unconstitutional. A magistrate judge issued a Report and Recommendation (R&R) dismissing Nunley's § 2241 petition, reasoning that to challenge the validity of his conviction, he must instead file a motion under 28 U.S.C. § 2255 in the sentencing court.[2] The magistrate judge further concluded that Nunley failed to show that the § 2255 remedy was "inadequate or ineffective to test the legality of his detention." § 2255(e).

Reviewing Nunley's objections to the R&R, the district court first agreed that Nunley must file a § 2255 motion in the sentencing court to challenge his conviction. It then rejected Nunley's objection that §§ 2255 and 2241 violate the First Amendment by creating an unlawful barrier to his right to petition the government.

---

[2] Nunley asserted in his amended § 2241 petition that he had previously filed a § 2255 motion. But the magistrate judge found no record of such a motion.

Because Nunley failed to show that he could challenge his conviction and sentence under § 2241, the district court adopted the R&R and dismissed his amended habeas petition.

Nunley filed a Rule 59(e) motion, in which he reiterated his contention that §§ 2241 and 2255 violate his First Amendment right to petition the Government. The district court denied his motion, concluding it "[had] not misapprehended the facts, petitioner's position, or the controlling law." R. at 53.

## II.    Discussion

"We review the district court's dismissal of a § 2241 habeas petition de novo." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (internal quotation marks omitted). We review the denial of a Rule 59(e) motion for an abuse of discretion. *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1152 (10th Cir. 2012). "The court will not alter a trial court's decision [on a Rule 59(e) motion] unless it can be shown that the court's decision was an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Id.* (internal quotation marks omitted). We liberally construe Nunley's pro se pleadings. *See Brace*, 634 F.3d at 1169.

Depending on the type of claim, a federal prisoner may pursue post-conviction relief under two statutes. "Congress created § 2255 as a separate remedial vehicle specifically designed for federal prisoners' collateral attacks on their sentences." *Jones v. Hendrix*, 599 U.S. 465, 473 (2023). And "[a] § 2255 motion is ordinarily the *only* means to challenge the validity of a federal conviction following the

conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016)

(emphasis added). A federal prisoner must file a § 2255 motion in the sentencing

court. *See* § 2255(a). In contrast, a § 2241 habeas petition "typically attacks the

execution of a sentence rather than its validity and must be filed in the district where

the prisoner is confined." *Brace*, 634 F.3d at 1169 (internal quotation marks

omitted).

"But in rare instances," the "savings clause in § 2255(e)" permits a prisoner to

attack a conviction through a § 2241 habeas corpus petition. *Hale*, 829 F.3d at 1165

(internal quotation marks omitted). The savings clause provides:

> An application for a writ of habeas corpus [pursuant to § 2241] in behalf of
> a prisoner who is authorized to apply for relief by motion pursuant to
> [§ 2255], shall not be entertained if it appears that the applicant has failed
> to apply for relief, by motion, to the court which sentenced him, or that
> such court has denied him relief, unless it also appears that the remedy by
> motion [pursuant to § 2255] is inadequate or ineffective to test the legality
> of his detention.

§ 2255(e).

The test for deciding if a federal prisoner satisfies the savings clause "is

whether [his] argument challenging the legality of his detention could have been

tested in an initial § 2255 motion." *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir.

2011). "If the answer is yes, then the petitioner may not resort to the savings clause

and § 2241." *Id.* This rule applies even if a § 2255 motion is now time-barred or the

prisoner is precluded from bringing a second or successive § 2255 motion under

§ 2255(h). *See id.* at 586-87. The prisoner "bears the burden of showing he satisfies

§ 2255(e)." *Hale*, 829 F.3d at 1170.

On appeal, Nunley does not argue that his challenge to the legality of his detention satisfies § 2255(e)'s savings clause:  he does not dispute that he could test his claim that § 922(g)(1) is unconstitutional in a § 2255 motion.  Instead, he maintains that the First Amendment prohibits Congress from imposing gatekeeping provisions like § 2255(e) on habeas corpus relief, and that the district court therefore erred in precluding him from challenging his conviction via a § 2241 habeas petition.

The First Amendment provides, in pertinent part, that "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances."  U.S. Const. amend. I.  "The right to petition allows citizens to express their ideas, hopes, and concerns to their government and their elected representatives."  *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 819 (10th Cir. 2021) (internal quotation marks omitted).  But the Supreme Court has recognized that the First Amendment does not obligate the government to consider, respond to, or grant any relief on a citizen's petition for redress of grievances.  *See Smith v. Ark. State Highway Emps., Local 1315*, 441 U.S. 463, 465 (1979).  And Nunley does not explain how Congress's decision to limit federal prisoners' pursuit of collateral relief to § 2255 motions rather than § 2241 habeas petitions—except where the § 2255 remedy is inadequate or ineffective—precludes him from petitioning the government.  He cites no authority—and we are aware of none—holding that § 2255(e) abridges that right.

Nor are we persuaded by Nunley's argument that Congress lacks authority to impose restrictions on traditional habeas relief, as codified in § 2241.[3] Contrary to Nunley's contention, the Supreme Court has "long recognized that the power to award the writ by any of the courts of the United States[] must be given by written law" and "that judgments about the proper scope of the writ are normally for Congress to make." *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (internal quotation marks omitted).

Nunley has neither demonstrated any error in the district court's dismissal of his amended § 2241 habeas petition nor shown that the court abused its discretion in denying his Rule 59(e) motion.

## III.    Conclusion

We affirm the district court's judgment.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] *See Felker v. Turpin*, 518 U.S. 651, 659 & nn. 1-2, 661 (1996) (setting forth the history of Congressional acts related to habeas relief ultimately codified in § 2241).